FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 15 PM 3: 18

CLERK B. West
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LEVON BAZEMORE

v.    491CR176
      496CV141

UNITED STATES

# ORDER

Defendant Levon Bazemore's first 28 U.S.C. § 2255 motion on the merits cycled through this Court and the Eleventh Circuit in 2000.[1] 496CV14, doc. ## 24, 38, 59, 60. Bazemore later returned with F.R.Cr.P. 32(c), F.R.Civ.P. 60(b), 28 U.S.C. § 2255, and "downward departure" motions. Doc. ## 67-68, 71. The Court denied them, doc. # 79, and Bazemore unsuccessfully appealed. Doc. ## 80-89.

Citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005),[2] Bazemore next moved for Rule 60(b)(4), (5), and (6) relief "to revisit," he contended in the motion's title, the "Erroneous Procedural Ruling Denying Bazemore's Timely and True Rule 60 (B) (1), (2), (4), (5), and (6) Motion as Being a Successive § 2255 Petition." Doc. # 90 at 1.

This Court concluded that Bazemore's earlier Rule 60(b) motion had presented a substantive claim, as discussed in note 1 *supra*, so under *Gonzalez* the Court properly dismissed the earlier motion and therefore dismissed this later Rule 60(b) motion on the same grounds. Doc. # 95. Bazemore then unsuccessfully appealed. Doc. ## 96-101.

Bazemore next filed yet another Rule 60(b) motion, in which he sought

> relief from the prior 28 U.S.C. § 2255 judgment, based upon the fact that on October 10, 2000, the Georgia Supreme Court vacated a prior state conviction, which was used as a basis to enhance Bazemore's federal sentence to life. *See* Movant's Exhibit A. In light of this fact, this Court should, in the interest of justice and fair procedures, be required to reopen the § 2255 judgment and remand for resentencing, if Bazemore's claim was timely and he was diligent in obtaining

---

[1] Bazemore first filed a § 2255 motion in 1996 (doc. # 1) but the Court did not reach the merits because it held that the motion was untimely. Doc. ## 9, 10. The Eleventh Circuit reversed on the grounds that Bazemore's motion was not untimely. *Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998).

[2] In *Gonzalez*, a 28 U.S.C. § 2254 petitioner filed a Rule 60(b) motion after the district court denied his § 2254 habeas petition as time-barred. 545 U.S. at 527. The Supreme Court addressed the circumstances when a Rule 60(b) motion should be considered a "second or successive" habeas petition and therefore subject to the restrictions imposed for such petitions. *Id.* at 528, 538. It held that a Rule 60(b)(6) motion in a § 2254 case must be treated as a successive habeas petition if it asserts or reasserts a substantive claim to set aside the petitioner's state conviction, as opposed to a defect in the integrity of the federal habeas proceedings. *Id.* at 532. The petitioner's claim in *Gonzalez* fell in the latter category, as it alleged that the federal courts misapplied the federal statute of limitations set out in § 2244(d). *Id.* at 535-36; *see also U.S. v. Terrell*, 141 Fed.Appx. 849, 850 (11th Cir. 2005) ("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254 ... we believe that its holding and rationale apply equally to § 2255"); *U.S. v. Seward*, 2007 WL 30878 at * 1 (E.D.Wis. 1/4/07) (unpublished); *see also id.* (denying Rule 60(b) motion because it attacked defendant's criminal conviction and sentence rather than the manner in which the § 2255 motion he previously filed was processed).

vacatur of the prior conviction. *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L .Ed .2d 542 (2006).

Doc. # 102 at 1. Bazemore then supplied various reasons to conclude that he has been diligent in obtaining vacatur of the prior conviction. *Id.* at 2-10. He correctly reminded that a state court vacatur is a new "fact" for statute of limitations (one-year) purposes, *Johnson*, 544 U.S. at 302. Doc. # 102, 104.

But to win a new limitations period, this Court reasoned, Bazemore must show due diligence in having sought the vacatur. *Id.*; *U.S. v. Williams*, 162 Fed.Appx. 254, 257-58 (4th Cir. 2006) (though a retroactive modification of defendant's state convictions had to be considered new "evidence," for purposes of the newly-discovered evidence exception to the mandate rule, defendant did not exercise due diligence to obtain that evidence where he waited more than three-and-a-half years from the date of his federal conviction before challenging the state convictions in state court, and thus, the district court, on remand, was obligated by the Court of Appeals' opinion, concluding that defendant's state drug convictions qualified as predicate convictions under the Armed Career Criminals Act, to impose a sentence of between 235-293 months, and was not free to consider defendant's argument with regard to the newly modified state-court convictions); *Powell v. U.S.*, 452 F.Supp.2d 634, 639 (D.Md. 2006).

Bazemore's obligation to act diligently began, the Court reminded, on the date of entry of judgment of his federal case. *Johnson*, 544 U.S. at 309. In *Johnson*,

> the Supreme Court found that the petitioner had not acted diligently in waiting more than three years after his sentence to challenge his state court judgment. *Id.* at 311, 125 S.Ct. 1571; *accord United States v. Williams*, 162 Fed.Appx. 254, 258 (4th Cir.2006) (delay of more than three- and-a-half years does not satisfy due diligence requirement); *United States v. Griffin*, 134 Fed.Appx. 277, 279 (11th Cir.2005) (delay of approximately three years); *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir.2005) (delay of more than four years); *In re Milton*, 155 Fed.Appx. 614, 617 (3rd Cir.2005) (more than five years); *United States v. Czeck*, 172 Fed.Appx. 687, 687 (8th Cir.2006) (more than six years).

*Powell,* 452 F.Supp.2d at 639.

For that matter, *pro se* status does not mitigate the consequences of this delay. *Johnson*, 544 U.S. at 311 ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness ....").

Bazemore insisted that he had been diligent. He cited the fact, for example, that he first raised his state-court vacatur claim in a response brief years ago and could do no more until the state court actually did vacate his conviction. And he reminded the Court that for a while his claim was not even ripe. Doc. # 104 at 4. Movant explained that this Court never reached the merits of his claim (because at the time it had been unripe), so it misapplied *Gonzalez* (which requires a court to have reached claims on the merits before denying a § 2255 motion as successive) when it last denied relief; therefore, the Court should reach the issue under Rule 60(b) after all. *Id.*

Finally, Bazemore, insisted, his claim is not *de minimis* because if relief were granted he

would be moved to a lower sentencing range (from 324 - 405 months instead of 360 months - life). *Id.* at 7 n. 1.

This Court denied relief, citing the fact that Bazemore had been this route before, *see* doc. # 86, and the 9/29/05 Eleventh Circuit opinion issued on an earlier appeal -- which was now binding on this Court under the Law of the Case doctrine [3] -- directed him to knock first on that court's door, not this Court's. *Id.* at 10; doc. # 107. Bazemore's arguments otherwise were not frivolous.[4] They could perhaps even be said to constitute a substantial showing that he has been denied a constitutional right. But Bazemore's option at that time, the Court concluded was to proceed directly to the Eleventh Circuit. Doc. # 107 at 4.

This Court's docket shows no activity since this Court's 3/8/07 judgment denying that latest Rule 60(b) motion. Bazemore took no appeal, and there is no indication that he applied directly to the Eleventh Circuit for relief.

Months later, he now moves to "supplement" that motion by citing to *Panetti v. Quarterman,* 127 S.Ct. 2842, 2854-56 (2007) (habeas petitioner's *Ford*-based claim of incompetency to be executed was not barred by § 2255's prohibition against "second or successive" applications, notwithstanding federal courts' rejection of initial habeas application which did not raise a *Ford* claim, given that the claim was not ripe until petitioner's date of execution was set and there was a possibility that petitioner's mental capacity had diminished during his incarceration, rendering him incompetent for execution). Doc. # 108.

*Panetti* is easily distinguishable from this case, since the mental-condition-based ripeness doctrine there would have no application here. Bazemore, for starters, does not face execution; nor does he claim a decline in his mental condition since his last filing.

Meanwhile, this Court has no jurisdiction since Bazemore has missed the 60-day deadline for appealing the Court's 3/8/07 judgment. *See U.S. v. Cash,* 2007 WL 2085764 at * 1 (4th Cir. 7/23/07) (unpublished); *see also Leal v.*

---

[3] Under that doctrine,

> both district courts and appellate courts are generally bound by a prior appellate decision in the same case. A legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time. The law of the case doctrine applies unless: (1) our prior decision resulted from a trial where the parties presented substantially different evidence from the case at bar; (2) subsequently released controlling authority dictates a contrary result; or (3) the prior decision was clearly erroneous and would work manifest injustice. The law of the case doctrine applies in both the civil and criminal context.

*U.S. v. Means,* 135 Fed.Appx. 293, 295 (11th Cir. 2005) (quotes, cites and alterations omitted). To that end, Bazemore pointed to no retroactive, intervening change in substantive law. *See Lang v. U.S.,* 474 F.3d 348, 354-55 (6th Cir. 2007). The Eleventh Circuit's opinion may be "wrong," but this Court has no authority to disregard it.

[4] As the Court noted, *Gonzalez* had issued on 6/23/05, but the Eleventh Circuit's 9/29/05 opinion did not address it. And there are a variety of subtle ways to interpret *Gonzalez. See, e.g., U.S. v. Pedraza,* 2007 WL 259688 at * 2 (10th Cir. 1/31/07) (unpublished), *cert. denied,* 127 S.Ct. 3035 (2007). Doc. # 107 at 3 n. 4.

3

*Georgia Dep't of Corrs.*, 254 F.3d 1276, 1277 (11th Cir. 2001). Too, Bazemore shows no authority for perpetual jurisdiction, wherein he can "supplement" his previously denied Rule 60(b) motions every time a new case comes along that bears wording that he thinks might be helpful to him.

In that regard, Bazemore may be filing his "supplement" to try and restart the period in which he can appeal this Court's 3/8/07 denial of his prior Rule 60(b) and § 2255 motions. That tactic, however, will not work. *See U.S. v. Murray*, 2007 WL 1800589 at * 1 (5th Cir. 6/19/07) (unpublished).

In any event, the Court **DENIES** Levon Bazemore's Motion for Leave to Supplement (Etc.). Doc. # 108.

This 15 day of August, 2007.

B. AVANT EDENFIELD, JUDGE,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA